IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. TRAINOR, ) | |
| ) | |
| Plaintiff ) | Case No. 1:20-CV-00225-RAL (Erie) |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | |
| WELLPATH, et al. ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Defendants ) | MEMORANDUM OPINION AND |
| ) | ORDER ON PLAINTIFF'S MOTION FOR |
| ) | THE APPOINTMENT OF COUNSEL |
| ) | |
| ) | ECF No. 28 |

Plaintiff James Trainor (Plaintiff), a prisoner in the custody of the Pennsylvania Department of Corrections (DOC) at State Correctional Institution Forest (SCI-Forest), commenced this *pro se* action under 42 U.S.C. § 1983 by filing a Complaint August 6, 2020. ECF No. 1. Pending before the Court is Plaintiff's motion for appointment of counsel. ECF No. 9. For the following reasons, the motion is DENIED, without prejudice. Additionally, Plaintiff has twenty-one (21) days to respond to the Corrections Defendants pending Motion to Dismiss at ECF No. 25.

I.   Standard of Review

In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit identified factors to be considered by a district court in exercising its discretion whether to "appoint" counsel under 28 U.S.C. § 1915(d).[1] These factors remain the relevant considerations for deciding Plaintiff's motion. *See, e.g., Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." *Tabron* at 155.

---

[1] Although 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel, it allows the court to "request" an attorney to represent a litigant who is unable to employ counsel on his or his own. The importance of the distinction was recognized by the Supreme Court in *Mallard v. United States District Court*, 490 U.S. 296 (1989).

1

The court should not request volunteer counsel unless the claim has some merit. *Id.* If this consideration is satisfied, the court must then consider the following factors to determine whether to seek counsel for the plaintiff:

1. the plaintiff's ability to present his or his own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or his own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Montgomery*, at 499 (quoting *Tabron* at 155–157).

The Third Circuit has also recognized that there are significant practical restraints on the district court's ability to "appoint" counsel, including: "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. There are also many cases in which district courts seek to appoint counsel but find no attorney willing to accept the appointment:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive filed, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decision in the area.

*Id.* at 157 n. 7. The *Tabron* Court also recognized that volunteer lawyer time is extremely valuable, and a district court should not request counsel under § 1915 indiscriminately:

> Volunteer lawyer time is a precious commodity … Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id.* at 157.

2

While this Court would no doubt benefit from having capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal (under 28 U.S.C. § 1915(e) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure), there are simply not enough attorneys in this District who are willing to undertake such representation. Besides the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes at a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview.

The number of attorneys in this District who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these cases. While the Plaintiff notes that restrictions in the prison due to the ongoing COVID-19 pandemic are limiting his ability to prepare his case, so too is the pandemic challenging lawyers in this District in the practice of law. Therefore, this Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion for the "appointment" of counsel.

II.   Analysis

In his *pro se* Complaint, Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 and state tort law claims against medical and corrections personnel at SCI-Forest. ECF No. 1. He asserts claims of deliberate indifference to his serious medical need under the Eighth Amendment (Count I), medical malpractice and negligence (Count II), and intentional as well as negligent infliction of emotional distress (Count III). Most of his complaint focuses on the allegedly

inadequate responses of medical and corrections personnel to his sustained difficulties walking and standing, pain in his legs and feet, and injuries to his lower body. *Id.* At this stage of the litigation, it is too early to ascertain whether these claims have merit. For purposes of this Motion, however, the Court will assume that Plaintiff's claims are potentially meritorious and will address his request under the six *Tabron* factors.

In moving for appointment of counsel, Plaintiff argues in his Motion that: 1) he needs legal counsel to assist in his case; 2) a prison lockdown because of the Covid-19 pandemic has limited his ability to present his case; and 3) his physical disability and the Covid-19 pandemic have limited his access to law books, computers, typewriters, other legal materials, and the law library—which he has not been to since January 2020. ECF No. 28.

The first factor—the Plaintiff's ability to present his own case—weighs against appointment of counsel at this time. While the Complaint is not perfect in its structure, Plaintiff's submissions to the Court reveal that he is literate and able to articulate the facts upon which he bases his claims. His ten-page Complaint is neatly typed, shows an understanding of the basis for his claims, cites statutes, and notes the constitutional rights which he believes have been violated. ECF No. 1. His motion for appointment of counsel is neatly handwritten and grammatically clear. ECF No. 28. Each of these suggests that Plaintiff possesses the ability to present his own case, particularly at this stage in the litigation. *See Montgomery*, 294 F.3d at 501 (identifying several factors to consider with respect to a plaintiff's ability to present his case, including: "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement."). Although Plaintiff states that he has not "been into the law library since January 2020," (ECF No. 28), nowhere in his motion does he allege that prison officials have completely denied him access to the law library or legal materials. *See Glenn v. McGrady*, 2013 WL 1402364, at *2 (M.D. Pa. Apr. 5, 2013) (denying

4

appointment of counsel when plaintiff had some, although limited, law library access). The remedy for alleged inadequate law library access is not the appointment of counsel. Instead, Plaintiff may file a motion requesting that the Court adjust deadlines or otherwise provide additional time to respond to motions or to comply with discovery or filing obligations. Given the restrictions inmates face due to the COVID-19 pandemic, the Court will liberally accommodate requests for adjustment of deadlines.

Although it is early in this litigation, Plaintiff's claim does not appear to present any particularly difficult legal issues. Thus, the second *Tabron* factor also weighs against appointment of counsel. As for the remaining *Tabron* factors, the Court notes that practically every case that proceeds to discovery involves a reasonable amount of factual investigation. Plaintiff's claims, however, do not appear to require particularly complex credibility determinations or unusually burdensome discovery. While his Eighth Amendment deliberate indifference claim and medical malpractice claim may very well require expert testimony, Plaintiff has filed certificates of merit pursuant to Pa. R. Cv. P. 1042.3 "that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claims asserted against this defendant" for each of the thirteen defendants. ECF No. 5. Moreover, as a *pro se* litigant, Plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny. The Supreme Court instructed in *Haines* that *pro se* pleadings should be held to less stringent standards than formal pleadings drafted by lawyers. *See id.* at 520-21. This may benefit his case more than an attorney who is unfamiliar with the types of issues presented in prison litigation.

Given the foregoing, the Court concludes that the *Tabron* factors weigh against the appointment of counsel at this stage in the litigation. Plaintiff's Motion for appointment of counsel (ECF No. 28) is therefore **DENIED**, without prejudice. Plaintiff may renew his motion, if he so desires, should his claims continue to remain viable at later stages of this litigation. Moreover,

Plaintiff is ORDERED to respond to the Corrections Defendants' Motion to Dismiss at ECF No. 25 on or before May 19, 2021, subject to further extension upon reasonable request.

It is so ordered.

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 19th day of April 2021.